## WEAKLEY v. BRAHAN and ATWOOD.

1. A party cannot maintain an action for money paid and expended for another's use, by proof that he satisfied a judgment against him without his request or consent.

2. *Semble*, That after the dissolution of a co-partnership, one partner cannot, by his sole request to a third person to pay a firm debt, give such person a right to maintain an action for money had and received against the firm.

3. *It seems*, however, that where a judgment is paid without the request of the defendant, and the plaintiff takes a transfer of the judgment; that he may prosecute an action on the judgment for his use, and that the payment and transfer will not be considered such a satisfaction as to prevent a recovery.

ROBERT WEAKLEY brought an action of assumpsit against Brahan and Atwood as co-partners, in Madison Circuit Court, to recover the amount of two judgments against them in the State of Tennessee, which he alleged he paid at their request, amounting to $2,144 80.   The declaration was on an *indebitatus assumpsit* for money paid, laid out and expended, money lent and advanced, &c.   The defendant, Atwood, pleaded the general issue.   Brahan did not appear.   The plaintiff moved for judgment by default against Brahan, which was overruled.   On the trial, which was at the May term, 1828; the plaintiff proved that two judgments had been rendered in the Circuit Court of Davidson county, Tennessee, against Brahan and Atwood, amounting as above; that proceedings were in progress against the bail of the defendants, and that he, Weakley, applied to the attorney for E. Rawlins, to whom the judgments were due, and expressed his willingness to satisfy them for Brahan and Atwood, having been, as he stated at the time, solicited by them or one of them, probably Brahan, to do so. The attorney of Rawlins agreed to receive, and did receive in October, 1824, the full payment of the judgments, in notes of hand on other persons, payable to Weakley, which he indorsed over, and which were all duly paid.   On each of the records there appeared a receipt and transfer by the plaintiff's attorney, as follows: " Robert Weakley having paid the amount of this judgment, it is hereby transferred to him without any recourse, H. Crabb." It was proved that Brahan was the son-in-law of the plaintiff, Weakley. No proof appears on the record to shew that there was any request by the defendants, or either of them, to pay the

judgments, except as above stated. On this proof, the Court charged the jury, that this action being founded on the payment of a debt due by the defendants, it must be expressly proved that the payment was made at the request of the defendants, and that the fact of payment by the plaintiff was not sufficient to authorize the inference that a request was made. The Court further instructed the jury that the request must be made by both of the defendants, to enable the plaintiff to recover in the action, as it was against both; that the jury might infer the request to pay, but the inference must be drawn from some fact proved in the case. To these instructions, Weakley, the the plaintiff, excepted. There was a verdict for Atwood, on which the Court rendered judgment for the defendants.

Weakley assigned for error, that the instructions given to the jury were improper.

McClung, for the plaintiff in error.

Hopkins, for the defendants. *a*

By JUDGE COLLIER. It is a rule of law well ascertained, that one person cannot make another his debtor, against his consent. This rule is, however, subject to exception in case where the legal interest passes by assignment, as promissory notes, bills, &c. and also where judgments, accounts, &c. assigned, are sued on in the name of the party to whom they appear to have been originally due; there the assignment is equivalent to a letter of attorney, to sue in the name of the assignor.*b* But the rule extends to all payments made to another's use, where the action is brought in the name of him who advances the money. Such a case is the one we are considering, and it was an essential point of the plaintiff's proof, in the form of action adopted by him, to shew a request by the defendants to pay the judgments against them, or to prove facts or circumstances, from which such an inference could be deduced by the jury. It cannot certainly be insisted that the fact of payment, or the relationship existing between the plaintiff, and the defendant, Brahan, pre-supposes a request; such an argument denies to the rule any other than ideal existence.

Upon analogy, we think that one defendant, who is charged as having been a partner with another, cannot, after dissolution, bind the other to third persons, by a request to

*Margin notes:*

JANUARY 1830

Weakley
v.
Brahan and
Atwood.

*a* 7 T. R. 177,
377. 3 John.
434. 10 John.
361. 8 John.
436. 14 John.
87.

*b* 8 T. R. 177,
337. 3 John.
434. 8 John.
436. 10 John.
361 and 14
John. 87.

Weakley
v.
Brahan and
Atwood.

them to advance money, in discharge of firm liabilities. He cannot make a note, or draw a bill, though he may be authorized to close the business of the concern, which will be operative against both. And we can discover no difference in principle between imposing a liability by a note or bill, and a verbal promise. The singular state of the pleading in this case, is such, Atwood alone having pleaded, and being before the jury, that we should be inclined to think the charge of the Court on this point erroneous, if there was any evidence on the record which could have elicited it. In considering the evidence, we discard from our view the statement made by the plaintiff, as an inducement by him to a settlement of the judgments, for they cannot be received to prove any fact.

From what we have said, it is inferable, that without proof of request, the plaintiff might prosecute actions upon the judgments for his benefit. and that their payment by, and transfer to him, would not be considered such a satisfaction as to prevent a recovery.

Judgment affirmed.